IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**FIRST TRINITY CAPITAL CORPORATION**                                      **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:12cv237-KS-MTP**

**UNDERWRITERS AT LLOYD'S OF LONDON**                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. For the reasons stated below, Plaintiff First Trinity Capital Corporation's claims against Defendant Underwriters at Lloyd's of London will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### I.  Procedural History

On August 6, 2012, Plaintiff First Trinity Capital Corporation ("First Trinity") filed suit against Defendants Underwriters at Lloyd's of London ("Underwriters") and Pelican General Agency ("Pelican") in the Circuit Court of Forrest County, Mississippi. (*See* Compl. [1-1 at ECF p. 2].) The Complaint alleges that First Trinity is engaged in the business of financing insurance premiums, and asserts that Underwriters and Pelican are liable for their failure to remit unearned insurance premiums pursuant to various legal theories. On December 18, 2012, Pelican removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. On July 25, 2013, an Agreed Judgment of Dismissal [4] was entered, dismissing First Trinity's claims against Pelican with prejudice. On August 6, 2013, noting that process had not been served on Underwriters, the Court entered its Show Cause Order [5]. The Court gave notice to First Trinity "pursuant to Rule 4(m) that the Complaint will be dismissed

as to the second defendant [Underwriters] unless within ten (10) days of the date of this Order, being August 16, 2013, good cause is shown why process has not been completed." (Show Cause Order [5].)  First Trinity has failed to respond to the Show Cause Order [5] as of the date of this Order.

## II.  Discussion

Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  No cause, good or otherwise, has been presented to the Court for First Trinity's failure to serve Underwriters with process within 120 days of the filing of the Complaint.  Therefore, the Court is not required to extend the time for service under Rule 4(m).  Further, the Court finds that dismissal without prejudice of First Trinity's claims against Underwriters, as opposed to an order that service be made within a specified time, is appropriate given First Trinity's failure to respond to the Show Cause Order [5].  *Cf. Walker v. Foamex Corp.*, No. 1:11cv18, 2011 WL 3740718, at *1-2 (N.D. Miss. Aug. 23, 2011) (exercising discretion to dismiss claims without prejudice where the plaintiff did not respond to a dismissal motion or show good cause for failing to timely serve process); *Ross v. Leake County, Miss.*, No. 3:10cv403, 2011 WL 2604713, at *1 (S.D. Miss. June 30, 2011) (finding that the action should be dismissed without prejudice given the plaintiff's failure to request an extension of time to serve process or to otherwise respond to the Court's notice that the case may be dismissed pursuant to

Rule 4(m)). First Trinity's apparent lack of interest in pursuing its claims against the remaining Defendant, Underwriters, militates against any further proceedings in this action.

### III.  Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff First Trinity Capital Corporation's claims against Defendant Underwriters at Lloyd's of London are dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 17th day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE